16 F.3d 1228
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Daniel MCVEY; Dan McVey Mechanical Services, Inc., Appellants,
v.
NOVAR CONTROLS CORPORATION, Appellee.
Daniel McVey; Dan McVey Mechanical Services, Inc., Appellees,
v.
Novar Controls Corporation, Appellant.
 No. 93-2465, No. 93-2273.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 15, 1993.
Filed: January 11, 1994.
 
 Before MAGILL, Circuit Judge, BRIGHT, Senior Circuit Judge, and VAN SICKLE,* Senior District Judge.
 PER CURIAM.
 
 
 1
 Daniel McVey and Dan McVey Mechanical Services, Inc. (McVey) filed a civil action for damages against Novar Controls Corporation (Novar) arising out of a business relationship between the parties relating to a computer-controlled heating and cooling system known as Logic One. After extensive litigation, the district court, pursuant to the jury's verdict and its own prior rulings on the parties' motions, dismissed the claims of McVey and assessed damages on Novar's counterclaims at $1.00.
 
 
 2
 McVey brings this timely appeal, asserting that: (1) the trial court erred in directing a verdict in favor of Novar on McVey's fraudulent misrepresentation claim because McVey presented sufficient evidence to allow a reasonable jury to conclude that Novar had fraudulently misrepresented the available support that Novar would provide to McVey and that McVey suffered damage as a result of Novar's fraudulent misrepresentations; (2) the trial court erred in limiting McVey to "benefit of the bargain" damages and in refusing to allow appellants' experts to testify as to the consequential damages to the lost maintenance contracts because: (a) net "out of pocket" losses are a recognized alternative measure of damages in fraud cases, and (b) substantial evidence supported recovery of consequential damages resulting from the lost maintenance contracts; (3) the trial court erred in directing a verdict in favor of Novar on McVey's tortious interference with business relationships claim because McVey presented substantial evidence to support each element of the tort; (4) the trial court erred in directing a verdict in favor of Novar on McVey's franchise termination claim because McVey presented substantial evidence to allow a jury to find that Novar had terminated McVey's franchise without providing written notice at least ninety days in advance of the termination as required by Mo. Rev. Stat. Sec. 407.405; and (5) the trial court erred in refusing to submit to the jury appellants' proposed instruction on Novar's implied obligation of good faith and fair dealing under the dealer agreement because substantial evidence in the record showed that Novar exercised its discretion under the dealer agreement in a manner that denied McVey its expected benefit under the contract.
 
 
 3
 After carefully reviewing the record in this case, we determine that the district court committed none of the errors alleged. The crucial disputed issues were presented to the jury on appropriate instructions. Moreover, the district court did not prejudicially err in its rulings on legal matters.[1] Because a full opinion in this diversity action would have little precedential value, we resolve this appeal without further discussion. See Eighth Circuit Rule 47B.
 
 
 4
 We thus affirm the district court on all issues. This determination moots the cross-appeal and we direct its dismissal.
 
 
 
 *
 The HONORABLE BRUCE M. VAN SICKLE, Senior United States District Judge for the District of North Dakota, sitting by designation
 
 
 [1]
 The district court's ruling that the contract between the parties created a franchise is questionable. However, its appropriate directed verdict on this matter moots the issue